U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
APRIL 15 2009
TONY R. MOORE, CLERK
BY_____ DEPUTY
SHREVEPORT

**UNITED STATES DISTRICT COURT**

**THE WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

TIMOLYN SMITH-EALY

versus

STANDARD ENTERPRISES, INC.

CIVIL NO. 07-1232

JUDGE TOM STAGG

## MEMORANDUM RULING

Before the court is a motion for summary judgment filed by the defendant, Standard Enterprises, Inc. ("SEI") pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Record Document 34. Based on the following, SEI's motion for summary judgment is **GRANTED**.

## I. BACKGROUND

On July 25, 2007, Timolyn Smith-Ealy ("Smith-Ealy") filed suit against SEI in federal court for violations of 42 U.S.C. § 1981 and Title VII, 42 U.S.C. 2000e, et seq. See Record Document 1. In her complaint, Smith-Ealy alleges that SEI unlawfully failed to promote her, retaliated against her for filing a charge with the Equal Employment Opportunity Commission ("EEOC"), subjected her to a racially hostile work environment, and unlawfully discharged her. See id. She requests "a reasonable sum plus any and all compensatory and punitive damages." Id. Smith-Ealy also seeks an injunction directing SEI "to institute and establish policies, procedures, practices and training programs, which are designed to prevent racial

discrimination." Id. at 8. Finally, Smith-Ealy states that she is "entitled to a permanent injunction ordering [SEI] to promote [her] to the position of district manager under terms and conditions which are reasonable and to restore him [sic] pay to like situated employees." Id.

On February 3, 2009, SEI filed a motion for summary judgment arguing that Smith-Ealy's employment discrimination claims are without merit. See Record Document 34. After the court granted her an extension, Smith-Ealy filed an opposition to the motion for summary judgment on March 9, 2009. See Record Document 38. On March 19, 2009, SEI filed a reply in support of its motion for summary judgment. See Record Document 42. The issues, now fully briefed by the parties, are ripe for resolution.

## II. RELEVANT FACTS

For the past sixty years, SEI has developed, constructed, and managed real estate throughout North Louisiana. In November of 2004, SEI hired Smith-Ealy through a temporary employment service. See Record Document 38 at 1. On January 5, 2005, SEI hired her for a full-time position of Assistant Manager at the SEI apartment complexes of Villa Marquis I, Villa Marquis II, and Brookwood; Smith-Ealy's starting annual salary was $16,000. On April 4, 2005, SEI promoted Smith-Ealy to Site Manager of La Tierra Villa, a different SEI property. SEI also gave Smith-Ealy a $2,000 raise. As manager of La Tierra Villa, Smith-Ealy directly supervised one maintenance worker. On December 22, 2005, Smith-Ealy received a five percent ($900) raise, increasing her annual salary to $18,900. See id.

On March 7, 2006, Smith-Ealy filed a charge of discrimination with the EEOC. See Record Document 34, Deposition of Smith-Ealy at Ex. 21. According to her charge, Smith-Ealy was denied the opportunity for promotions and subjected to different terms, conditions, and privileges of employment due to her status as a black individual. See id. Smith-Ealy also stated: "Blacks as a class are being assigned to segregated properties and being denied positions in senior management (Except Property Manager)." Id.

On March 20, 2006, Smith-Ealy sent an e-mail to SEI wherein she expressed an interest in becoming District Manager. At that time, SEI was not seeking applicants for the District Manager position. See Record Document 34 at 2. In early April, Smith-Ealy met with an SEI representative, Mr. Loe, to discuss the District Manager position and her EEOC charge. During the meeting, Mr. Loe explained to Smith-Ealy that she lacked the requisite supervisory experience for a promotion to District Manager. To help alleviate this impediment, Mr. Loe offered to transfer Smith-Ealy from La Tierra Villa to a much larger property, Villa Marquis; he also offered to increase her salary. At the Villa Marquis, Smith-Ealy would have supervised several leasing agents and four maintenance workers. Despite that fact that such a transfer would have given Smith-Ealy an opportunity to gain valuable supervisory experience and further develop her management skills, she rejected Mr. Loe's offer. See id. at 3.

On Monday, July 10, 2006, Smith-Ealy became very upset after witnessing the death of a resident of La Tierra Villa. She not only reported to SEI that she was going

home for the rest of that day, but also that she had a doctor's note placing her on home rest from July 13th to July 16th as a result of the stress she underwent due to the tenant's death. Instead of staying home per the directions of the doctor's note, Smith-Ealy traveled to Silverleaf Resorts in Texas with her boyfriend and children. Coincidentally, she had planned the trip over one month earlier. See id. at 4.

The following Monday, July 17, 2006, Smith-Ealy not only failed to return to work, but also failed to notify SEI that she would be absent. Sometime that day, SEI's director of human resources left a voice message on Smith-Ealy's answering machine indicating that if she did not call SEI by the end of the day, she would be terminated. Pursuant to SEI's policies and procedures, Smith-Ealy was deemed to have abandoned her position. She was fired on July 20, 2006. See id. at 5.

### III. ANALYSIS

A.  **Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th

Cir. 2004). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004).

All facts and inferences are viewed in the light most favorable to the non-moving party, and all reasonable doubts are resolved in that party's favor. See Puckett v. Rufenacht, Bromagen & Hertz, Inc., 903 F.2d 1014, 1016 (5th Cir. 1990). If factual issues or conflicting inferences exist, the court is not to resolve them; rather, summary judgment must be denied. See id.

**B. Discussion.**

**1. Failure To Promote.**

Smith-Ealy first claims that SEI violated her rights when she was not promoted. See Record Document 1 at 4. SEI contends that this court lacks subject matter jurisdiction over Smith-Ealy's "failure to promote" claims because she failed to exhaust her administrative remedies. See Record Document 34 at 8.

District courts do not have subject matter jurisdiction until the EEOC has first had the opportunity to obtain voluntary compliance. See Pacheco v. Mineta, 448 F.3d 783, 789 (5th Cir. 2006). Plaintiffs must exhaust their administrative remedies before filing Title VII actions in federal court. See Tolbert v. United States, 916 F.2d 245, 247 (5th Cir.1990). Courts must inquire as to whether the claim before it could reasonably be expected to grow out of the charge of discrimination. See Pacheco, 448 F.3d at 789.

The scope of an EEOC charge should be liberally construed as the provisions of Title VII were not designed for the sophisticated. However, a "primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in attempt to achieve non-judicial resolution of employment discrimination claims." Id. at 789. Courts must look slightly beyond the four corners of an EEOC charge to find its true substance. See id.

In her EEOC charge, Smith-Ealy stated: "During my employment, I have been denied the opportunity for promotions." See Record Document 34, Deposition of Smith-Ealy at Ex. 21. Smith-Ealy then listed the dates of discrimination as between October 1, 2005 and March 7, 2006. Thus, she has exhausted her administrative remedies as to any "failure to promote" claim during this time period. However, any "failure to promote" claims that arose after March 7, 2006 are barred under Pacheco.

In her complaint, Smith-Ealy stated that she applied for the District Manager position around March 24, 2006, four days after she sent SEI an e-mail indicating an interest in applying for the position. See Record Documents 1 and 34. SEI declined to offer her the job. Unfortunately for Smith-Ealy, this decision occurred well after March 7, 2006; as a result, she has failed to exhaust her administrative remedies as to this claim.

Even if the court had subject matter jurisdiction over this claim, Smith-Ealy failed to establish a genuine issue of material fact as to whether SEI's decision not to promote her was based on her race. In the absence of direct evidence of discrimination, courts utilize the well-known McDonnell-Douglas burden shifting

analysis. See McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824 (1973). Under this test, Smith-Ealy has the burden of presenting a prima facie case of racial discrimination. She must show that (1) she belongs to a protected group; (2) she applied for and was qualified for a job for which SEI was seeking applicants; (3) despite her qualifications, she was rejected; and (4) after her rejection, the position remained open and SEI continued to seek applicants from persons of her qualifications. See id.

If Smith-Ealy establishes a prima facie case of racial discrimination, the burden would shift to SEI to articulate a legitimate, nondiscriminatory reason for its employment decision. The burden would then shift back to Smith-Ealy to show by a preponderance of the evidence that SEI's offered reasons were merely a pretext for discrimination. See id. Although the evidentiary burden shifts back and forth, the ultimate burden of persuasion remains with Smith-Ealy at all times. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143, 120 S. Ct. 2097, 2106 (2000).

In her brief, Smith-Ealy failed to establish that she applied and was qualified for a job for which SEI was seeking applicants. In fact, Smith-Ealy failed to cite to a single Fifth Circuit case, failed to argue any elements of her "failure to promote" claim, and failed to direct the court to any evidence to support this claim. "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." Ragas v. Tenn. Gas & Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998) (emphasis added). Additionally, "Rule 56 does not impose upon the district court a duty to sift

7

through the record in search of evidence to support a party's opposition to summary judgment." Id. In fact, section (c) of Rule 56 specifically requires the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Though it should be obvious and has been stated by courts before, "judges are not like pigs, hunting for truffles buried in briefs." de la O v. Housing Auth. of City of El Paso, Tex., 417 F.3d 495, 501 (5th Cir. 2005).

Even if Smith-Ealy established a prima facie case of race discrimination, SEI articulated several legitimate and nondiscriminatory reasons for its decision not to promote her. First, SEI noted Smith-Ealy's lack of supervisory experience. See Record Document 34 at 12. Smith-Ealy admitted in her deposition that the fundamental duty of the District Manager is to supervise and that she had never supervised anyone in her career other than a maintenance worker. See id., Deposition of Smith-Ealy at 66. Second, SEI noted Smith-Ealy's lack of proven personnel management capabilities such as strong communication, interpersonal, and conflict-resolution skills required of the District Manager's position. See Record Document 34 at 13. This observation is supported by Smith-Ealy's deposition testimony, wherein she indicated that she is not afraid of confrontation and would immediately state her opinions to others. See id., Deposition of Smith-Ealy at 93. Third, when SEI offered to assist Smith-Ealy in developing the skills necessary for the position (and an increase in salary), she turned down the offer. See id., Deposition of Smith-Ealy at 104.

SEI also directs the court to Fontenot v. Shell Oil Co., wherein the Fifth Circuit

analyzed an employer's decision not to promote an employee. There, the court stated: "Substantial weight is given to an employer's decision on necessary credentials." Fontenot v. Shell Oil Co., 289 F. App'x. 695, 697 (5th Cir. 2008). In Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 318 (5th Cir. 2004), the court found that the plaintiffs failed to present a genuine issue of material fact that they were qualified for the position sought. The court then assumed that the plaintiffs established prima facie cases of discrimination, but noted their failure to present evidence that the stated reasons for the employment decision were pretext. The court affirmed summary judgment for the employer. See id. at 321.

As SEI has clearly provided several legitimate and nondiscriminatory reasons for its decision not to promote Smith-Ealy, the burden returns to her to show the stated reasons were pretext. Once again, Smith-Ealy failed to argue this point or direct the court to any evidence supporting such a proposition. She has not created a genuine issue of material fact regarding her "failure to promote" claim. Accordingly, SEI's motion for summary judgment is **GRANTED** as to this claim.

2.   **Retaliatory / Unlawful Discharge.**[1]

Smith-Ealy next claims that SEI retaliated against her after she filed her EEOC charge. She claims that she was "denied promotion, harassed, . . . fired and giving out poor references [sic]." Record Document 1 at 5. SEI argues that Smith-Ealy cannot establish the elements to prove any of the above examples of discrimination. See

---

[1] Smith-Ealy also claims that she was denied a promotion, subjected to a hostile work environment, and harassed in retaliation for filing her EEOC charge. See Record Document 1 at 5. These claims are addressed in other sections of this ruling.

Record Document 34 at 20.

To establish a prima facie case of retaliatory discharge, Smith-Ealy must show that: "(1) she participated in an activity protected by Title VII; (2) her employer took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the materially adverse action." Aryain v. Wal-Mart Stores Tex. LP, 534 F.3d 473, 484 (5th Cir. 2008). Although Smith-Ealy established the first two elements of her prima facie case, she failed to establish a genuine issue of material fact as to the third element. Again, Smith-Ealy failed to argue any of the above-mentioned elements or direct the court to any evidence supporting the elements. Even if the court were to assume that Smith-Ealy established a prima facie case of retaliatory discharge, she cannot prove that SEI's reasons for firing her were pretext.

"If the plaintiff makes a prima facie showing, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory or nonretaliatory reason for its employment action." McCoy v. City of Shreveport, 492 F.3d 551, 557 (5th Cir. 2007). In this instance, SEI fired Smith-Ealy because she violated company policy when she failed to return to work on Monday, July 17, 2006 and failed to call SEI to report her absence. In fact, Smith-Ealy admits in her brief that she was fired "for one reason only–because she failed to call and let a supervisor know she was not able to be at her job site on July 17, 2006." Record Document 38 at 5. She also stated in her

10

brief that "the decision to fire her was based solely on her failure to call that day.[2]" Id.

As SEI clearly met its burden of production, Smith-Ealy must prove SEI's reason was pretext for the actual retaliatory reason. See id. Again, Smith-Ealy failed to argue pretext or direct the court to evidence supporting a pretext motive. Putting aside her admission that SEI fired her because she missed work, Smith-Ealy has not created a genuine issue of material fact regarding any pretext motive. Accordingly, SEI's motion for summary judgment is **GRANTED** as to Smith-Ealy's retaliatory and unlawful discharge claims.

### 3. Hostile Work Environment.

Smith-Ealy next claims that she was subjected to a racially hostile work environment. See Record Document 1 at 5 and 6.[3] SEI contends that Smith-Ealy cannot establish a prima facie case of a hostile work environment under Title VII and 42 U.S.C. § 1981. See Record Document 34 at 17.

To establish a prima facie case of a hostile work environment, Smith-Ealy must prove: "(1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the

---

[2]Additionally, Smith-Ealy took three days off work pursuant to a doctor's note requiring her to remain at home. Instead of staying at home, Smith-Ealy went on a family vacation that she had planned one month earlier. Although it is unlikely that SEI had knowledge of Smith-Ealy's whereabouts when they fired her, such circumstances illustrate her lack of honesty and integrity.

[3]The court will assume that Smith-Ealy's EEOC charge encompasses this claim.

employer knew or should have known of the harassment in question and failed to take prompt remedial action." Ramsey v. Henderson, 286 F.3d 264 (5th Cir. 2002). For racial harassment to affect a term, condition, or privilege of employment, it must be "sufficiently severe or pervasive to alter the condition of the victim's employment and create an abusive working environment." Id. Courts must consider: "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Id.

From the face of her complaint and brief, the court is not made aware of any instances in which Smith-Easy was subjected to a hostile work environment. Once again, Smith-Ealy failed to cite to a single Fifth Circuit case, failed to argue any elements of a hostile work environment claim, and failed to direct the court to any evidence that supports this claim. In her complaint, Smith-Ealy stated that the "hostile work environment consisted of white management officials talking down to Plaintiff and treating her without respect." Record Document 1 at 3. She also stated that SEI "began to harass Plaintiff in part by conducting 'pop up' inspections" and accused Plaintiff of embezzlement. Id. Other than these three conclusory allegations contained in her complaint, Smith-Ealy has not established that she was subjected a hostile work environment.

Smith-Ealy failed to argue or support with competent summary judgment evidence any of the above-mentioned factors such as the frequency of the discrimination, its severity, whether it was physically threatening or humiliating, or

whether it interfered with her work performance. Certainly, Smith-Ealy's allegations do not approach a level of harassment that is sufficiently severe or pervasive to alter the conditions of her employment or create an abusive working environment. Smith-Ealy has failed to establish a prima facie case of a hostile work environment nor create a genuine issue of material fact as to the prima facie factors. Accordingly, SEI's motion for summary judgment is **GRANTED** as to Smith-Ealy's hostile work environment claim.

## IV. CONCLUSION

Based on the foregoing analysis, Smith-Ealy failed to establish a genuine issue of material fact as to any of her claims against SEI, failed to support the conclusory allegations contained in her complaint, and failed to rebut SEI's nondiscriminatory reasons for its actions. Accordingly, SEI's motion for summary judgment is **GRANTED**.

A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this ____ day of April, 2009.

JUDGE TOM STAGG